# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JUSTIN MCPHAIL                                                        PETITIONER

v.                                                             NO. 4:18-CV-116-DMB-RP

GRENADA COUNTY SHERIFF, et al.                             RESPONDENTS

**ORDER**

Before the Court is Justin McPhail's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**I**
**Procedural History**

On or about May 31, 2018, Justin McPhail, acting pro se, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. McPhail, who is in the custody of the Grenada County Sheriff, is currently housed at the Grenada County Jail in Grenada, Mississippi, based on a contempt order issued April 4, 2018.[1] The contempt order followed three years of litigation between McPhail and his ex-wife over support payments and custody of their child. Doc. #9-1 at 3 to 9.

In his petition, McPhail challenges his detention for contempt of court in the Grenada County Chancery Court for his failure to (1) submit to a hair follicle drug test; (2) submit to a psychological evaluation; and (3) maintain his child support obligation. Docs. #1, #6. "[A]s general grounds in support of this petition," McPhail asserts that the Grenada County Chancery Court Judge issued a judgment and subsequent orders which allegedly exceeded his and the court's jurisdiction and, as such, are illegal and wholly void because of the following "General Grounds

---

[1] The Grenada County Jail has confirmed that McPhail currently remains in custody.

A thru I:"

    A.     Orders are based on fraudulent and/or misrepresented evidence

    B.     Orders are based on "evidence" illegally gained

    C.     Orders are based on "evidence" not disclosed to the petitioner

    D.     Orders are based on evidence gained through illegal search and siezure [sic]

    E.     Orders seek to gain further "evidence" through the intrusion of Petitioner's privacy and human dignity on the mere chance the evidence hoped for exists

    F.     Orders are discriminatory based on Petitioner's gender

    G.     Orders are discriminatory based on persons with whom the Petitioner chooses to associate being of another race

    H.     Orders are in violation of the Petitioner's right to direct the care, control and upbringinging [sic] of his minor son

    I.     Seek to gain evidence based on Petitioner's choosing to associate with persons of another race.

Doc. #1-1 at PageID #19–20.

After filing his habeas petition in this federal district, McPhail continued to seek relief in the Grenada County Chancery Court. Doc. #9-1 at 9–11. The State moved to dismiss the petition with prejudice for lack of subject matter jurisdiction, for failure to state a claim, and as procedurally defaulted or, alternatively, without prejudice as unexhausted. Doc. #9. McPhail responded, opposing the motion and arguing that the lack of legal resources at the Grenada County Jail make it impossible for him to explore "the expensive and complex nature of … remedies in state court." Doc. #11 at PageID #696.

## II
## Nature of McPhail's Petition

McPhail submitted his federal habeas corpus petition on the standard form for filing a "petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody." Doc. #1.

Section 2254 is reserved for a habeas corpus petition brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

> There is no clear consensus on whether a challenge to a civil contempt order should properly be presented under the general federal habeas statute, 28 U.S.C. § 2241[,] or 28 U.S.C. § 2254, which applies to a petition by "a person in custody pursuant to the judgment of a State court." The Supreme Court has indicated that "past decisions have limited [§ 2254]'s availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510 (1982). However, it has also (albeit in dicta) suggested a § 2254 petition "may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

*Hayden v. Hale*, No. 2:16-cv-1984, 2017 WL 3574692, at *3 (N.D. Ala. Aug. 1, 2017) (cleaned up). While some courts have held to the contrary, the weight of authority has followed the dicta in *Duncan* and held that § 2254 applies "to persons in state custody as a result of a state court order of civil commitment or civil contempt." *See Smith v. Baxter*, No. 1:11-cv-265, 2015 WL 1285889, at *2 (N.D. Fla. Mar. 20, 2015) (citing *Duncan* and *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988)). Given the dicta in *Duncan* and the fact that McPhail himself has characterized this action as arising under § 2254, the Court will apply a § 2254 analysis to McPhail's claims.

### III
### Analysis

#### A. Jurisdiction

The State argues that because McPhail's claims involve issues of state law domestic relations, this Court "arguably" lacks jurisdiction over the claims. Doc. #9 at 19 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); and *Estate of Merkel v. Pollard*, 354 F. App'x. 88, 92 (5th Cir. 2009)). Specifically, the State contends McPhail "cannot challenge determinations of parental rights or child custody in a proceeding for a grant of *habeas corpus*." Doc. #9 at 19.

Though inartfully worded, McPhail's petition does not challenge the Chancery Court's holdings regarding domestic relations law. Rather, the petition challenges the legality of his incarceration ordered by the Chancery Court. McPhail specifically states that he "has never had an opportunity to be heard on the matters and things herein set out, and [he] is being deprived of liberty without due process of law." Doc. #1-1 at PageID #25. For this reason, this Court finds that it may exercise jurisdiction over the subject matter of McPhail's petition.

### B. McPhail's First Two Grounds Are Moot

McPhail's claims stemming from the Grenada County Chancery Court's April 4, 2018, order finding him in contempt for his failure to submit to a hair follicle drug test and to a psychological evaluation have been rendered moot by subsequent rulings and proceedings in that court. With respect to the drug test, the Chancery Court's June 20, 2018, order held that "extensive time [] has passed which may taint the hair follicle test for drugs" and that this issue had become moot. Doc. #10-1 at PageID #595. Thus, the Chancery Court ordered that McPhail "may be released from custody **upon the fulfillment** of the child support obligation and award of attorney fees previously awarded." *See id.* (bold in original). In other words, McPhail is no longer being held in custody for failure to submit to a hair follicle drug test.

With respect to psychological testing, on October 23, 2018, the Chancery Court noted that McPhail had testified that he was prepared to submit to the psychological testing it previously ordered. Doc. #10-1 at PageID #657. The Chancery Court therefore ordered that, upon completion of the testing, it would consider any proper motion requesting McPhail's release from incarceration (providing he presented evidence with the particularity required for a determination of his inability to pay the child support arrearage and other amounts it previously ordered). *Id.* at PageID #658. A psychological evaluation was entered into evidence at the hearing held on January 25, 2019, *id.*

at PageID #689, and the Chancery Court's decision to continue holding McPhail in contempt is now based solely upon his failure to prove "with particularity that he has no ability to raise the funds required by the sale of assets, or loans from third parties, or other sources," *id.* at PageID #687.

McPhail argues that, according to a letter from opposing counsel, the Chancery Court may yet find him in contempt based upon the allegation that he terminated the interview with the psychologist before its completion. Doc. #11 at PageID #698. However, a letter from opposing counsel does not nullify the Chancery Court's ruling. Thus, McPhail is no longer being held in custody for failure to submit to psychological testing. Accordingly, his claims regarding his detention for failure to submit to psychological evaluation and drug testing must be dismissed as moot.

### C. McPhail's Failure to Exhaust State Remedies

Under § 2254:

> [A court] may not grant habeas relief to a state prisoner unless the applicant has exhausted the remedies available in the courts of the State or state process is absent or ineffective. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.

*Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (cleaned up).

In this case, McPhail did not appeal the Chancery Court's April 4, 2018, order finding him in contempt for his failure to comply with court orders. He argues he should be excused from the exhaustion requirement because civil contempt orders are not appealable under state law. McPhail is mistaken, however, as such orders can be appealed. *See Hanshaw v. Hanshaw*, 55 So. 3d 143, 147 (Miss. 2011) (setting forth standard of review for appeal of civil contempt orders).

McPhail also argues that inadequate access to legal materials prevented him from exhausting state remedies. However, because his numerous filings in state and federal court regarding these matters

5

show that he has been able to present his arguments even with the alleged limited access, he has not exhausted his state remedies.

### D. McPhail's Claims are Procedurally Defaulted

"If a petitioner has not exhausted the available state remedies for his claim, that claim is procedurally defaulted and a federal court ordinarily cannot consider it on habeas review." *Nelson v. Davis*, No. 17-70012, 2020 WL 1181516, at *5 (5th Cir. Mar. 12, 2020). If a claim is procedurally defaulted, the court may consider the merits of the claim if "the petitioner is able to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Id.* "Cause is defined as something external to the petitioner, something that cannot fairly be attributed to him that impedes his efforts to comply with the state procedural rule." *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004) (cleaned up).

Alternatively, a petitioner may obtain review of a defaulted claim by "demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Norman v. Stephens*, 817 F.3d 226, 232 n.2 (5th Cir. 2016). The fundamental miscarriage of justice exception requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Floyd v. Vannoy*, 894 F.3d 143, 154–55 (5th Cir. 2018) (internal quotation marks omitted).

As explained above, McPhail argues that he had inadequate access to legal materials, and that this deficiency prevented him from seeking a direct appeal. However, as also pointed out above, McPhail has been able to file state and federal pleadings and motions continuously during his incarceration in the Grenada County Jail. *See generally* Doc. #10. Furthermore, McPhail has not argued that he is actually innocent of the conduct for which he is confined. Accordingly, the Court concludes that McPhail cannot show cause as to his procedural default or that failure to

consider his claims will result in a fundamental miscarriage of justice. His claims, therefore, are barred.

## IV
## Certificate of Appealability

A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

In accordance with the rulings above:

1. The State's motion to dismiss [9] is **GRANTED**.
2. McPhail's petition for a writ of habeas corpus [1] is **DISMISSED** as procedurally defaulted or alternatively, for failure to exhaust state remedies.
3. A certificate of appealability is **DENIED**.

**SO ORDERED**, this 27th day of March, 2020.

/s/Debra M Brown
**UNITED STATES DISTRICT JUDGE**