IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JUSTIN MCPHAIL**                                                               **PETITIONER**

**V.**                                                    **NO. 4:18-CV-116-DMB-RP**

**GRENADA COUNTY SHERIFF**                                **RESPONDENT**

**ORDER DENYING RELIEF FROM JUDGMENT**

Justin McPhail seeks Rule 60(b)(2) relief from the Court's final judgment dismissing his petition for a writ of habeas corpus. Rule 60(b)(2) relief will be denied.

**I**
**Relevant Procedural History**

On or about May 31, 2018, Justin McPhail, acting pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his detention for contempt of court in the Grenada County Chancery Court for his failure to (1) submit to a hair follicle drug test ("Drug Test Claim"); (2) submit to a psychological evaluation ("Psychological Evaluation Claim"); and (3) maintain his child support obligation. Doc. #1. On March 27, 2020, this Court issued an order and corresponding judgment dismissing McPhail's petition as "procedurally defaulted or alternatively, for failure to exhaust state remedies." Docs. #12, #13. In the order, the Court also found that both McPhail's Drug Test Claim and Psychological Evaluation Claim were moot. Doc. #12 at 4–5.

Nearly a year later, on or about March 18, 2021, McPhail filed a motion seeking relief from the order and judgment under Federal Rule of Civil Procedure 60(b)(2).[1] Doc. #16. The respondent filed a response on April 1, 2021. Doc. #18.

---

[1] McPhail references only Rule 60(b)(2) and specifies that "[t]he rule 60(b)(2) review based on new evidence is the one I intend to point to." Doc. #16 at PageID 722.

## II
## Standard of Review

Federal Rule of Civil Procedure 60(b)(2) allows relief from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Any claim for relief under Rule 60(b)(2) must be brought within one year of the entry of judgment.[2] Fed. R. Civ. P. 60(c)(1).

"Newly discovered evidence must be in existence at the time of the final judgment and not discovered until after the final judgment." *Parker v. Wal-Mart Stores, Inc.*, 251 F.R.D. 222, 226 (S.D. Miss. 2008) (internal alterations omitted), *aff'd*, 464 F. App'x 224 (5th Cir. 2010). Further, to succeed on a Rule 60(b)(2) motion, the "movant must demonstrate: (1) that he exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Garrett v. United States*, 820 F. App'x, 275, 278 (5th Cir. 2020) (cleaned up) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

## III
## Discussion

McPhail's habeas petition challenged the Grenada County Chancery Court's contempt ruling based in part on his failure to submit to psychological testing, which resulted in his detention at the Grenada County Jail. Doc. #1 at PageID 1. This Court, referencing the Chancery Court's January 25, 2019, order continuing to hold McPhail in contempt on charges related to child support matters,[3] found that all of McPhail's claims were procedurally defaulted or, alternatively, unexhausted and that his Psychological Evaluation Claim was moot because McPhail was "no

---

[2] Because the postmark date on McPhail's Rule 60(b)(2) motion is March 18, 2021, it appears his motion is timely. *See* Doc. #16.

[3] Doc. #10-1 at PageID 687.

longer being held in custody for failure to submit to psychological testing." Doc. # 12 at 4–7. In seeking Rule 60(b)(2) relief, McPhail argues his Psychological Evaluation Claim is not moot, relying on what he deems "new evidence" in the form of a February 24, 2021, Grenada County Chancery Court order finding that he remains in contempt because "completion of the psychological evaluation was required to purge himself of willful contempt." Doc. #16 at PageID 721–22, 732.

The Grenada County Chancery Court's February 24, 2021, order clearly did not exist at the time of this Court's March 27, 2020, order and final judgment. So, Rule 60(b)(2) review is inappropriate. *Parker*, 251 F.R.D. at 226. But even if McPhail's Psychological Evaluation Claim now may not be moot, McPhail still is not entitled to relief. This Court's denial of his petition concluded that all his claims (including his Psychological Evaluation Claim) were procedurally defaulted or unexhausted. Doc. #12 at 7. Consequently, McPhail must also address the denial on procedural grounds. *See Trevino v. Davis*, 829 F.3d 328, 341 (5th Cir. 2016) (where a district court elects to dismiss on procedural grounds and on the merits, a petitioner must "demonstrate that reasonable jurists would debate the correctness of the district court's dismissal on both grounds."). Because McPhail makes no mention in his motion of exhausting the Psychological Evaluation Claim or the resulting procedural default much less any argument why Rule 60(b) relief may be appropriate on those grounds,[4] his motion must be denied.

### III
### Conclusion

For the reasons explained above, McPhail motion for Rule 60(b) relief [16] is **DENIED**.

---

[4] Under the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), this Court could construe McPhail's motion as a motion for relief generally under other Rule 60(b) provisions. In addition to newly discovered evidence, relief under Rule 60 also may be based on, among other things, a mistake. But even under this liberal standard, McPhail's motion fails since his procedural default remains unaddressed.

**SO ORDERED**, this 3rd day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**
